IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-520-BO

| | |
|---|---|
| CANDACE S. WRIGHT,<br>      Plaintiff, | )<br>)<br>) |
| v. | )    **O R D E R**<br>) |
| CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>      Defendant. | )<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 15, 17]. A hearing on this matter was held in Edenton, North Carolina, on September 9, 2015. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied, and the judgment of the Commissioner is reversed.

## BACKGROUND

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income in January 2011, with an alleged onset date of June 27, 2009. [Tr. 102, 205]. Her date last insured was June 30, 2014. [Tr. 17]. Plaintiff's applications were denied initially and upon reconsideration. [Tr. 136, 142]. A hearing was held before an Administrative Law Judge (ALJ) on January 8, 2013. [Tr. 30]. The ALJ issued an unfavorable decision on April 10, 2013, and the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner on July 18, 2014. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Ms. Wright is currently 43 years old. She has a high school education and past relevant work in a bakery, home care agency, assisted living facility, and turkey processing plant. [Tr. 35, 260]. She alleges disability due to knee pain and various mental health issues. [Tr. 36].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the

2

alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. [Tr. 17]. The ALJ found that Ms. Wright's right knee arthritis, hypertension, obesity, bipolar disorder, depression, and generalized anxiety disorder qualified as severe impairments at step two but were not found to meet or equal a listing. [*Id.*]. The ALJ then found that Ms. Wright had the residual functional capacity (RFC) to perform a reduced range of light work. [Tr. 18–19]. Though the ALJ found that Ms. Wright could no longer perform her past relevant work, he relied on the testimony of a vocational expert to determine that jobs exist in significant numbers in the national economy that Ms. Wright could perform, including bakery worker, mail clerk, and x-ray inspector. [Tr. 22–23]. Accordingly, the ALJ concluded that plaintiff was not disabled. [Tr. 24].

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Here, the ALJ rejected the opinion of Dr. Stevens, the treating orthopedist, because he found that the opinion was "not supported by his own treatment notes, which show she had good ROM of the knee and no other joint or spinal abnormalities." [Tr. 21]. This conclusion is not supported by the record. In fact,

3

restricted range of motion was not Ms. Wright's problem; rather she suffered from maltracking and instability, which led to numerous falls. [Tr, 752–55, 632, 661–63, 626–27, 690, 61, 526].

Moreover, the record is replete with evidence of joint abnormalities. A 2010 exam was consistent with chondromalacia patella. [Tr. 444]. Arthroscopic surgery that year revealed a meniscal tear and grade II to III chondromalacia patella. [Tr. 448]. An early 2011 MRI revealed severe chondromalacia patella, a patella tracking abnormality, and degenerative ostophyte formation. [Tr. 526]. Ms. Wright suffered multiple falls during 2011, prompting another MRI, which revealed post-surgical changes, maltracking, and patellar cartilage abnormalities. [Tr. 618, 686]. Dr. Stevens's treatment notes in October 2011 observed that plaintiff had "evidence of maltracking, positive medial PF ligament tenderness and a great deal of laxity in the knee cap." [Tr. 690]. Surgery in November 2011 showed Stage III-IV chondromalacia with global synovitis, a lateral meniscus tear, and maltracking. [Tr. 626–27]. In 2012, plaintiff suffered another fall and continued to complain of pain; examinations noted full range of motion but lateralized patellar tracking. [Tr. 632]. During 2012, Ms. Wright underwent numerous injections. [Tr. 633, 705–08]. Dr. Stevens's treatment notes and X-rays indicated continued pain and joint space narrowing, and Dr. Stevens diagnosed her with severe degenerative joint disorder. [Tr. 700–01, 708].

In sum, Ms. Wright underwent two surgeries, multiple joint injections, pain management, and physical therapy with minimal improvement. [Tr. 444, 494–97, 563–64, 705–08]. Dr. Stevens's treatment notes throughout indicate joint abnormalities in her right knee and hyperextended range of motion, and the record contains substantial evidence supporting Dr. Stevens's opinion. Because the record contains substantial evidence supporting, rather than contradicting, Dr. Stevens's opinion, his opinion deserves controlling weight.

4

Additionally, the ALJ discounted plaintiff's testimony regarding her limitations because plaintiff allegedly failed to undergo recommended physical therapy. [Tr. 22]. In fact, Mr. Wright did attend physical therapy. [Tr. 700]. Moreover, the record demonstrates that plaintiff suffered from end stage cartilage loss and derangement of several parts of her knee, which are conditions known to cause pain. [Tr. 526, 708, 737, 752–55]. Therefore, plaintiff "is entitled to rely exclusively on subjective evidence to prove . . . that [her] pain is so continuous and or so severe as to prevent [her] from working a full eight hour day," because she demonstrated by objective medical evidence that she had a condition reasonably likely to cause the pain claimed. *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006S). For these reasons, substantial evidence does not support the ALJ's decision to discount plaintiff's credibility.

Given the errors committed by the ALJ, it is clear that an RFC of light is not supported by substantial evidence. Indeed, it is clear to the Court that the substantial evidence shows that plaintiff cannot even do sedentary work. Dr. Stevens found that plaintiff could sit a total of two hours and stand or walk for a total of four hours in an eight hour workday and required unscheduled breaks for ten minutes every one to two hours. Plaintiff testified that she could not sit or stand longer than 25 minutes. [Tr. 43]. The vocational expert stated that an individual who required more two fifteen minute breaks and a half-hour lunch break would not be able to sustain gainful work activity. [Tr. 59]. Accordingly, giving Dr. Stevens's opinion controlling weight and viewing plaintiff's testimony as credible necessarily dictate a finding that there is no work in the national economy that Ms. Wright is able to perform.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate

5

for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court, in its discretion, finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ clearly explained the basis for his decision and the record before this Court properly demonstrates that there are no jobs in the economy available for plaintiff to perform. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 17] is DENIED. This decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this _16_ day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE